**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John DOE, Defendant–Appellant.**

**No. 02–50445.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Filed Dec. 9, 2003.

Frank J. Ragen, San Diego, CA, for the defendant-appellant.

Carol C. Lam, United States Attorney, Laura E. Duffy, Assistant U.S. Attorney, San Diego, CA, for the plaintiff-appellee.

Before: FISHER and BYBEE, Circuit Judges, and MAHAN, District Judge.*

MAHAN, District Judge.

John Doe appeals the district court's denial of the government's second motion pursuant to Federal Rule of Criminal Procedure 35(b) for reduction of the sentence imposed following his guilty plea to conspiracy to import cocaine in violation of 21 U.S.C. §§ 952, 960 and 963.

The district court originally sentenced Doe to 210–months imprisonment. It later corrected the sentence to 185 months and 9 days and then granted the government's first Rule 35(b) motion, reducing the sentence to 95 months. In the second Rule 35(b) motion, the government asserted that it had mistakenly calculated the reduction it sought in the first Rule 35(b) motion and requested a further reduction of Doe's sentence. The district court denied the government's second motion. We affirm.

## I.

In the mid 1990s, federal law enforcement established a task force to investigate and dismantle the Roe Drug Trafficking Organization ("DTO"), a major Mexican trafficking organization that operated along the United States/Mexico border. During the course of the investigation, DEA agents received information

___

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

regarding Doe's involvement in the importation and distribution of cocaine on behalf of the DTO. Subsequently, the DEA surveilled Doe and intercepted his receipt of 50 kilograms of cocaine. A review of the information and evidence led the government to commence two cases against Doe, one for distribution conspiracy and the other for importation conspiracy. Doe was arrested on July 12, 1995, and charged with the various narcotics violations.

Pursuant to a plea agreement, Doe pled guilty on January 2, 1996, to the charge of possession with the intent to distribute 50 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). At the time, Doe was sentenced to 168 months in prison.

On November 10, 1997, Doe pled guilty before another judge in the second case charging him with conspiracy to import cocaine, in violation of 21 U.S.C. §§ 952, 960 and 963. On April 8, 1998, the judge imposed a 210-month sentence, which was to run concurrent to the 168-month sentence previously imposed. The judge also ordered that Doe be given credit for time served from the date of his arrest.

At the government's request, the district court subsequently corrected the 210-month sentence to reflect that Doe was to be imprisoned for 185-months and nine days. This was done so that the sentences in both cases would commence on the date of Doe's arrest and run for the same length of time.

In April and May 2002, the parties stipulated to modify the sentences in both cases pursuant to Fed.R.Crim.P. 35(b). Specifically, the stipulations asked each court for an eight-level downward departure in Doe's sentence based on his substantial assistance to the government. Both courts granted the requested modification and re-sentenced Doe to 95 months in each case.

In May 2002, Doe moved for a corrected judgment in the second case, asking the court to sentence Doe to 57 months and nine days, rather than 95 months, so that he could be released from custody at the same time on both sentences. The court denied this motion. The government then made a second Rule 35(b) motion, advising the court that the government had mistakenly calculated the reduction from the 210-month sentence originally imposed in April 1998, not the 185-month and nine day sentence reflected in the court's May 2001 corrected judgment. The government moved the court to reduce Doe's sentence from 95 months to 83.5 months to reflect the intended reduction in the sentence of 185 months and nine days.

The court denied the government's second Rule 35(b) motion, holding that the 95 month sentence to which the parties stipulated was generously awarded. In denying the motion, the court balanced the cooperation Doe provided against the offense he committed. The court stated:

> [W]hen this court was asked to reduce defendant's sentence for cooperation from ninety-five months, this court believed that the ninety-five months ran from April 8, 1998, the date the court imposed judgment, and that it was a generous but fair sentence, considering the extent of defendant's criminal involvement, which was extreme, and the benefit the government received from his cooperation.

The court also pointed out that in addition to the Rule 35(b) departure already awarded, Doe received several guideline breaks in his plea agreement and initial sentencing. Specifically, the court cited the United States Probation Department's computation of a guideline range of 235 to 293 months, and its recommendation of "293 months because of the defendant's

trusted position in the [Roe] drug cartel and the huge amount of cocaine he arranged to bring into the United States."

Thus, the court concluded that Doe's 198–month sentence break was "more than enough" considering the nature of his criminal conduct, his role in the offense, and the length of his participation in the drug cartel.

On appeal, Doe argues that the second judge committed an error of law by considering factors unrelated to his substantial assistance to the government in refusing to depart to the extent requested by the government's Rule 35(b) motion. The government asserts that the district court properly considered factors other than Doe's substantial assistance in denying his second motion for a downward departure. We agree and affirm.

## II.

■ We must first determine whether we have jurisdiction to review the district court's ruling on a Rule 35(b) motion. In *United States v. Arishi*, 54 F.3d 596, 599 (9th Cir.1995), we held that the exclusive avenue of appeal on Rule 35(b) motions is 18 U.S.C. § 3742. Under § 3742(a), a defendant may appeal an otherwise final sentence if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a)(1)-(4). Section 3742 normally does not permit an appeal of the denial of a Rule 35(b) motion or the degree of a sentence reduction. *Arishi*, 54 F.3d at 597–98. In an attempt to bring his appeal within the confines of § 3742(a)(1), Doe contends that his sentence was imposed in violation of law because the dis-

trict court considered factors other than his substantial assistance to the government in denying the government's Rule 35(b) motion. Because we are being asked to determine if Doe's sentence was imposed in violation of law, jurisdiction is proper under § 3742(a)(1).

## III.

■ We now address the issue of whether the district court erred in considering factors other than Doe's substantial assistance to the government in denying the government's second Rule 35(b) motion. Whether a particular factor is a permissible basis for departure is an issue of law reviewed de novo. *See United States v. Malley*, 307 F.3d 1032, 1034 (9th Cir.2002).

Rule 35(b) permits the court, upon motion by the government, to reduce a defendant's sentence for substantially assisting the government. In pertinent part, the rule states that the court "may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense...." Fed. R.Crim.P. 35(b).

In this case, Doe argues that the language of Rule 35(b) requires a district court to consider only a defendant's substantial assistance in deciding whether to reduce a custodial sentence. Because this issue is one of first impression for us, Doe urges this court to adopt the Eleventh Circuit's reasoning in *United States v. Chavarria–Herrara*, 15 F.3d 1033 (11th Cir.1994), and hold that a district court may not consider factors other than the defendant's assistance in contemplating a Rule 35(b) sentencing reduction.

In *Chavarria–Herrara*, the district court granted a reduction based on factors such as the defendant's status as a first

time offender, his lack of involvement in the conspiracy, and his behavior in prison. *Id.* at 1037. The Eleventh Circuit found that the district court misapplied Rule 35(b) and held that the plain language of the rule precludes a district court from reducing a sentence based on factors other than a defendant's cooperation. *Id.*

Doe relies upon *Chavarria–Herrara* and argues that the district court erred when it denied a reduction based on factors such as the nature, extent, and duration of his criminal involvement. However, Doe's reliance is misplaced since the Eleventh Circuit itself has distinguished *Chavarria–Herrara.* In *Chavarria–Herrara*, the district court *granted* a Rule 35(b) reduction based on factors other than the defendant's substantial assistance. In *United States v. Manella*, 86 F.3d 201 (11th Cir. 1996), the Eleventh Circuit clarified *Chavarria–Herrara* and held that "the only factor that may militate *in favor of* a Rule 35(b) reduction is the defendant's substantial assistance. Nothing in the text of the rule purports to limit what factors may militate *against* granting a Rule 35(b) reduction," or "the factors that may militate in favor of granting a smaller reduction." *Id.* at 204 (emphasis in original).

Here, the district court *denied* a Rule 35(b) reduction based on factors other than Doe's assistance. The district court weighed several factors against Doe's substantial assistance, including the nature of the cocaine importation conspiracy to which he pled guilty; the extent and duration of his participation in the cartel; the massive amount of cocaine he was importing; and the sentencing reductions the court had already awarded. The district court's consideration of these factors was proper under 18 U.S.C. §§ 3553[1] and 3582.[2]

Therefore, we join the Eleventh Circuit and hold that in denying a Rule 35(b) motion, a district court's consideration of relevant factors other than a defendant's substantial assistance to the government is a proper exercise of its discretion.

AFFIRMED.

---

**1.** Section 3553 reads in pertinent part:

(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.... 18 U.S.C. § 3553.

**2.** Section 3582 reads in pertinent part:

(a) Factors to be considered in imposing a term of imprisonment.—The court, in determining whether to impose a term of imprisonment, and if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable.... 18 U.S.C. § 3582.