NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2007
Decided February 14, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1228

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Western District of Wisconsin |
| *v.* | No. 05-CR-136-C-01 |
| LARRY McGEE,<br>    *Defendant-Appellant*. | Barbara B. Crabb,<br>*Chief Judge*. |

**O R D E R**

Larry McGee sold crack to an informant or to undercover police officers 14 times between April and August 2005. Immediately after the last of these sales, a 2.99 gram transaction on August 31, police arrested McGee and recovered another 4.33 grams of crack during a post-arrest search. The matter was referred to federal authorities, and McGee pleaded guilty to a one-count information charging that on August 31, 2005, he possessed more than five grams of crack with intent to distribute. *See* 21 U.S.C. § 841(a)(1). Because McGee had prior felony convictions for kidnaping and rape in 1984 and for possessing cocaine with intent to deliver in 2000, the district court found that he qualified as a career offender under U.S.S.G. § 4B1.1. The court then calculated a guidelines imprisonment range of 235 to 293 months, but sentenced McGee below that range to 200 months' imprisonment. The

court also imposed a five-year term of supervised release, and a $100 special assessment.  Had McGee not been classified as a career offender, his imprisonment range would have been 168 to 210 months.

McGee filed a notice of appeal, but his attorney now seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because he is unable to find a nonfrivolous issue for appeal.  McGee received a copy of counsel's motion, *see* Cir. R. 51(b), but has not responded.  We limit our review of the record to those potential issues identified in counsel's facially adequate brief.  *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).  Counsel informs us that McGee does not wish to have his guilty plea vacated, and thus appropriately refrains from discussing possible challenges to the voluntary nature of the plea or the adequacy of the plea colloquy.  *See United States v. Knox,* 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel first considers whether McGee could challenge his classification as a career offender.  To qualify as a career offender, a defendant must have two or more felony convictions for either a crime of violence or a controlled substance offense, and those convictions must be recent enough to yield criminal history points.  *See* U.S.S.G. §§ 4B1.1(a), 4B1.2(c); *United States v. Thigpen,* 456 F.3d 766, 769 (7th Cir. 2006).  McGee completed his prison sentence for the kidnaping and rape in July 1990, just over 15 years before he was arrested in this case.  Under the guidelines, a prior conviction that resulted in a term of imprisonment exceeding 13 months counts toward the defendant's criminal history score only if he was incarcerated for that prior offense within fifteen years of the "commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1).  Counsel thus questions whether McGee might argue that his conviction for the kidnaping and rape is too old because in this case he pleaded guilty to possessing crack on August 31, 2005 —more than 15 years after his release.  Counsel, though, correctly points out that the "commencement of the instant offense" means the point at which the defendant first engaged in conduct that would qualify as "relevant conduct," *see* U.S.S.G. § 4A1.2, cmt. 8; *United States v. Souffront,* 338 F.3d 809, 833 (7th Cir. 2003), which in this case is when he started selling crack and not when he was arrested.  McGee was incarcerated for the kidnaping and rape until July 15, 1990, and his first sale of crack to the informant in this case was on April 5, 2005.  Hence, his release occurred within 15 years of the "commencement of the instant offense," and counsel is correct that it would be frivolous for McGee to argue that the district court erred by sentencing him as a career offender.  *See United States v. Hillsman,* 141 F.3d 777, 779-80 (7th Cir. 1998).  In any event, an argument premised on the career-offender guideline would be particularly frivolous given that the district court imposed a prison term that falls within the range that would have controlled if McGee was not a career offender.  *United States v. Schuster,* 467 F.3d 614, 620 (7th Cir. 2006); *United States v. Berheide,* 421 F.3d 538, 542 (7th Cir. 2005).

Counsel also considers whether McGee could argue that the term of his imprisonment is unreasonably long.  After the district court gave detailed and meaningful consideration to the relevant factors under § 3553(a), *see United States v. Laufle,* 433 F.3d 981, 987 (7th Cir. 2006), it imposed a term of imprisonment 35 months below the guidelines range.  Hence, it would be frivolous for McGee to argue that the sentence is unreasonably high.  *See United States v. George,* 403 F.3d 470, 473 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.