In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 07-2078

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LARRY MCGEE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 05 CR 136—**Barbara B. Crabb**, *Chief Judge.*

_____

SUBMITTED OCTOBER 10, 2007—DECIDED NOVEMBER 21, 2007

_____

Before POSNER, RIPPLE and EVANS, *Circuit Judges.*

PER CURIAM. Following his conviction for distributing cocaine base, *see* 21 U.S.C. § 841(a)(1), Larry McGee helped authorities apprehend his supplier. Consequently, the Government moved under Federal Rule of Criminal Procedure 35(b) for a reduction in Mr. McGee's 200-month sentence. After finding that Mr. McGee had substantially assisted the Government, the court granted the motion and reduced Mr. McGee's sentence to 160 months' imprisonment. Mr. McGee filed a notice of appeal, but his appointed counsel now seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because he is

unable to identify a nonfrivolous basis for appeal. For the reasons set forth in this opinion, we now grant counsel's motion to withdraw and dismiss this appeal.

# I

## BACKGROUND

Mr. McGee sold crack cocaine to either an informant or undercover police officers 14 times in 2005. He was charged with distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). Mr. McGee pleaded guilty to the charge. Because of the nature of the offense, as well as prior felony convictions for kidnaping, rape and possession of cocaine, the district court calculated a guidelines range of 235 to 293 months. The court, however, sentenced Mr. McGee below that range to 200 months' imprisonment, five years of supervised release and a $100 special assessment. Mr. McGee filed a notice of appeal, but the appointed lawyer representing him at that time concluded that the appeal was frivolous and moved to withdraw under *Anders*. We granted counsel's motion and dismissed the appeal. *United States v. McGee*, 216 F.Appx. 580 (7th Cir. 2007).

Meanwhile, Mr. McGee helped the Government apprehend his supplier, and thus the Government filed a motion, pursuant to Rule 35(b), asking the district court to reduce his sentence as a reward for his substantial assistance. The court granted that motion and gave Mr. McGee a chance to speak on his own behalf before imposing a new sentence. The court then reduced Mr. McGee's original sentence by 40 months and imposed a 160-month term of imprisonment. The court entered a new judgment reflecting the reduced term.

**II**

**DISCUSSION**

Mr. McGee filed a notice of appeal from the new judgment. Once again, his appointed lawyer seeks to withdraw under *Anders* because he cannot find a nonfrivolous basis for appeal. We invited Mr. McGee to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so. Counsel's brief is facially adequate, so we confine our review to the potential issue identified by counsel. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel ultimately concludes that Mr. McGee's appeal is frivolous because, in *United States v. McDowell*, 117 F.3d 974, 978 (7th Cir. 1997), we held that this court lacks jurisdiction to review a revised term of imprisonment entered in response to a motion from the Government under Rule 35(b). *See also United States v. Moran*, 325 F.3d 790, 792 (6th Cir. 2003); *United States v. McMillan,* 106 F.3d 322, 324 n.4 (10th Cir. 1997); *United States v. Doe*, 93 F.3d 67, 68 (2d Cir. 1996); *United States v. Pridgen*, 64 F.3d 147, 149-50 (4th Cir. 1995); *United States v. Arishi*, 54 F.3d 596, 599 (9th Cir. 1995); *United States v. Chavarria-Herrara*, 15 F.3d 1033, 1035-36 (11th Cir. 1994). Counsel notes that we have not considered whether our holding in *McDowell* has been undermined by *United States v. Booker*, 543 U.S. 220 (2005), but he concludes that it has not. We agree.

Our jurisdiction over Rule 35(b) orders is governed by 18 U.S.C. § 3742(a). *See McDowell*, 117 F.3d at 978. In *McDowell* we concluded that an appeal from a Rule 35(b) order is an appeal from an "otherwise final sentence" as that phrase is used in § 3742(a), and thus that section, and not 28 U.S.C. § 1291, governs our jurisdiction. *Id.* at 977-78. Section 3742(a) allows us to review sentences, but our

jurisdictional mandate is limited and does not extend to a district court's discretionary decisions regarding sentencing. *Id.* at 976. This limited jurisdiction, we held in *McDowell*, allows for appellate review of a Rule 35(b) determination only if the contention on appeal is that the decision was imposed, for example, in violation of law, or because of an incorrect application of the sentencing guidelines. *See* 28 U.S.C. § 3742(a); *McDowell*, 117 F.3d at 977. We added, however, that § 3742(a) does not authorize an appeal from a Rule 35(b) decision if the only contention is that the district court did not exercise its discretion more favorably to the defendant. *McDowell*, 117 F.3d at 978.

As counsel observes, we have not addressed whether *Booker* affects our jurisdiction to entertain Rule 35(b) appeals. Two of our sister circuits have addressed this question, and both have concluded that our jurisdiction is no greater after *Booker*. *See United States v. Haskins*, 479 F.3d 955, 957 (8th Cir. 2007); *United States v. McKnight*, 448 F.3d 237, 238 (3d Cir. 2006). We agree. Our jurisdiction over this case is governed by § 3742(a). *McDowell*, 117 F.3d at 978. Although *Booker* excised 18 U.S.C. § 3742(e) (with the exception of subsection (e)(4), *see United States v. Kizeart*, ___ F.3d ___, 2007 WL 2938374 (7th Cir. 2007)), § 3742(a) remains intact and thus our jurisdiction over Rule 35(b) sentences is unchanged by that decision. *See Booker*, 543 U.S. at 246. We did say in *McDowell* that a court's order in response to a Rule 35(b) motion creates a "new sentence," *McDowell*, 117 F.3d at 977, but defendants are not afforded the same protections in the context of Rule 35(b) as they are at their initial sentencing. *See* Fed. R. Crim. P. 43(b)(4).

Accordingly, the potential issue identified by counsel is frivolous. Counsel contemplates whether Mr. McGee could argue that the district court should have reduced his sentence even further in light of Mr. McGee's effort to help the Government and prevent others from ending up like him, as drug addicts and dealers. However, if counsel raised this argument, we would lack jurisdiction even to consider it. *McDowell*, 117 F.3d at 977-78.

### Conclusion

For the foregoing reasons, we grant counsel's motion to withdraw, and dismiss the appeal.

GRANT MOTION TO WITHDRAW
DISMISS APPEAL

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*