In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1226

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHAVIS WEBSTER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 09-CR-112—**Barbara B. Crabb**, *Judge.*

ARGUED SEPTEMBER 9, 2011—DECIDED JANUARY 19, 2012

Before CUDAHY, POSNER, and WILLIAMS, *Circuit Judges.*

CUDAHY, *Circuit Judge.* In this case, Chavis Webster appeals a district court order granting a government motion to reduce his sentence for his substantial assistance to law enforcement. *See* Fed. R. Crim. P. 35(b)(2). Webster contends that the district court erred by not considering the 18 U.S.C. § 3553(a) factors when it declined to grant the full reduction supposedly requested by defendant. The case presents interesting issues of the

relation between *United States v. Chapman*, 532 F.3d 625 (7th Cir. 2008), and *United States v. Shelby*, 584 F.3d 743 (7th Cir. 2009). We affirm.

On February 25, 2009, defendant Webster and his associate Cherish Jones sold heroin to an individual acting as an informant. The government submitted this evidence to a federal grand jury, and it returned an indictment against Webster, alleging that he distributed heroin in violation of 21 U.S.C. § 841(a)(1). In November 2009, Webster pleaded guilty and was subsequently sentenced to 216 months in prison.[1] In light of his guilty plea and agreement to provide substantial assistance, the government agreed to request a reduced sentence if Webster provided such assistance. Webster in fact did and in November 2010 the government filed a Rule 35(b) motion requesting a sentence reduction based on his substantial assistance in the investigation and prosecution of others. The district court then held a hearing on the motion and reduced Webster's sentence from 216 months to 168 months in light of his substantial assistance. But Webster seeks a further reduction and appeals.

An appeal from a Rule 35(b) order is an appeal from an "otherwise final sentence," over which we have jurisdiction only in limited circumstances. *United States v. Chapman*, 532 F.3d 625, 628 (7th Cir. 2008) (citing *United*

---

[1]   This was a downward departure from his advisory guidelines range of 235-240, which was calculated according to his offense level, 33, and his qualification as a career offender.

*States v. McGee,* 508 F.3d 442, 444 (7th Cir. 2007)); *see also*
18 U.S.C. § 3742(a). It is not our role in Rule 35(b) appeals
to review a district court's exercise of its discretion.
*See McGee,* 508 F.3d at 444-45 ("[O]ur jurisdictional man-
date . . . does not extend to a district court's discre-
tionary decisions regarding sentencing."). Our task,
instead, is to determine whether a reduction in sen-
tence was imposed in violation of the law. *Id*. As we
understand it, the defendant's argument on appeal is
that the district court erred as a matter of law when
it declined to grant the 120-month reduced sentence
requested by both parties and without considering the
§ 3553(a) factors. Because we have recognized that as-
sertions of methodological error allege a mistake of
law, we have jurisdiction to hear defendant's appeal.
*Chapman*, 532 F.3d at 630 ("We certainly have jurisdic-
tion to consider whether a district court is required to
reevaluate the section 3553 sentencing factors . . . .").

I.

First, it is unclear whether the premise of the
defendant's argument—that there was a request for a
reduced sentence of 120 months—is, in fact, true. From
our review of the record, we agree with the govern-
ment that no party had requested a specific sentence
reduction. The government made no statements at the
motion hearing, and instead rested on the information
in its supporting affidavit, which was also silent on the
amount of reduction sought. *See* Appellee's Br. 8; Motion
Hr'g Tr. 3.

The record shows that defense counsel similarly never requested a reduced sentence of 120 months. The closest defense counsel came to making a request was when he asked the court for "as large a reduction as possible." Hr'g Tr. 3. The defendant contends that the request for "as large a reduction as possible" was in reference to an earlier request for a 120-month sentence made at the initial sentence hearing. Appellant Reply Br. 3. Taken most charitably, these statements are insufficient to constitute a request for a specific sentence reduction. Not once was the 120-month figure uttered, leaving us perplexed as to how the district court could have committed an error as a matter of law by deviating from a non-existent number.

Defense counsel at oral argument intimated that the Rule 35(b) hearing was so brief that he was unable to request a specific reduction figure. The transcript of the proceeding demonstrates otherwise. After indicating that it would grant the motion, but before making its final ruling, the district court permitted defense counsel to make remarks in support of his client. Hr'g Tr. 3. After referencing his prior remarks at the sentencing hearing, defense counsel emphasized the extent of his client's cooperation and the hardship his imprisonment was causing him and his family. *Id*. At no point was he interrupted and he in fact ended his remarks with "that is all I have, Your Honor." *Id*. at 4. Nothing about the hearing indicates that defense counsel was unable to make explicit his client's desire for a reduced sentence of 120 months.

We find, therefore, that the defendant did not request a reduced sentence of 120 months. Unable to accept the defendant's premise, we find it difficult to understand how the court could have committed error by imposing a sentence higher than one that was never requested by a party. As a result, the remainder of his argument on appeal is without merit.

## II.

Even if we assume that the defendant explicitly requested a reduced sentence of 120 months, defendant's argument on appeal nevertheless fails because, as we have previously explained, Rule 35(b) hearings do not provide an opportunity for a full resentencing. *United States v. Shelby*, 584 F.3d 743, 745 (7th Cir. 2009).

Rule 35 provides that "[a] court may reduce a sentence if the defendant . . . provided substantial assistance in investigating or prosecuting another person," and, in the case that the assistance occurs more than a year after sentencing, that assistance satisfies one of three statutorily defined criteria. *See* Fed. R. Crim. P. 35(a) & (b). As the rule's plain language indicates, in ruling on a Rule 35(b) motion, the role of the court is limited to assessing the extent of the defendant's assistance to the government and whether, and to what degree, that assistance merits a reduction in his or her sentence. Rule 35 serves the limited purpose of facilitating law enforcement by enabling the government to elicit assistance from an offender by asking the court to reduce the offender's sentence in recognition of his assistance. *Shelby*, 584 F.3d

at 745. As we stated in *Shelby*, the filing of a Rule 35(b) motion by the government does not then permit a defendant to argue for a full resentencing on the basis of something other than the assistance he provided to the government. *Id*. To allow otherwise, we said, would create a "triple anomaly." *Id*. at 745 ("It would create arbitrary distinctions between similarly situated defendants; it would create the equivalent of a judge-administered parole system . . .; and it would impair the objective of Rule 35(b), which . . . is to assist law enforcement.").

The direction of *Shelby* is clear and controls this case. It is also the rule in other circuits. *United States v. Ross*, 280 Fed. Appx. 896, 897-98 (11th Cir. 2008); *United States v. Doe*, 351 F.3d 929, 933 (9th Cir. 2003). Contrary to the defendant's assertion, the district court was not *required* to consider the § 3553(a) factors. Instead, in conformance with the purpose of the rule, the district court based its decision on its evaluation of the defendant's assistance and granted a reduction consistent with that determination. *See* Hr'g Tr. 4.

The defendant relies on our decision in *United States v. Chapman*, 532 F.3d 625 (7th Cir. 2008), to argue that once a district court grants a Rule 35(b) motion, but deviates upward from the requested reduction, it *must* base its eventual sentence on § 3553(a) factors.[2] The defendant misreads *Chapman*. In that case we expressly

---

[2] This is an argument we approach with some trepidation here, as shown above, it is far from clear that the defendant in fact made such a request.

*reserved* the question of "whether . . . a district court [is] *required* to consider the section 3553 factors[.]" *Chapman*, 532 F.3d at 630 (emphasis in original). Further, *Chapman* cannot provide much help to the defendant because *Chapman* involved different facts. In that case, the government offered a recommendation of a two-level offense reduction with a sentence at the bottom end of the resulting guideline range, 84 months. *Id.* at 632. Defense counsel agreed with this request. *Id.* The district court applied the two-level reduction but sentenced defendant to 102 months at the higher end of the resulting guideline range in light of defendant's significant criminal history. *Id.* The district court first accepted the purported value of the defendant's assistance and then considered the § 3553(a) factors to determine if the resulting sentence was unjust. Here, the government made no sentencing recommendation. Because the parties did not agree on a recommended reduction, the district's court appears to have arrived at the 168-month sentence by examining the value of the Webster's assistance.

So to clarify: *Shelby* stands for the notion that a district court hearing a Rule 35(b) motion may not use the § 3553(a) factors to further reduce the defendant's sentence once the value of his assistance has been assessed. To allow otherwise would disturb the underlying original sentence, rather than merely subtract the value of the assistance provided. *Chapman* gives district courts the *option* of using the § 3553(a) factors to determine if granting the full sentence reduction agreed upon by the two parties would result in an unjust sentence. In the present case,

the government did not agree to a specific reduction, and indeed, the defendant did not propose a specific reduction. If we adopted Webster's position, a request for as large a reduction as possible would always trigger a review of the § 3553(a) factors. We see no reason to endorse such an approach.

In short, by arguing that the district was required to take the § 3553(a) factors into account when deciding by how much to reduce his sentence, the defendant seeks a full re-examination of his sentence. This is contrary to the language and purpose of Rule 35(b), as interpreted in *Shelby* and we therefore must reject the argument.

The defendant failed to request a reduced sentence at the hearing and therefore is unable to argue that the court erred by deviating from a requested reduction. In any event, because Rule 35(b) hearings are not an opportunity for a full resentencing, the district court cannot consider factors other than the defendant's substantial assistance in deciding by how much to reduce the defendant's sentence if the reduction is less than the request. It was therefore not erroneous for the district court to fail to consider the § 3553(a) factors in reducing the defendant's sentence. For these reasons, the judgment of the district court is AFFIRMED.