NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted November 29, 2012
Decided December 3, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2567

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-38 |
| CHARNELL HICKS, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

Charnell Hicks pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), and was sentenced to 132 months in prison—56 months below the calculated guidelines range. Two years later the government moved to reduce Hicks's sentence to 84 months based on his substantial assistance to law enforcement. *See* FED. R. CRIM. P. 35(b)(2). In response Hicks sought a deeper reduction to 45 months based on additional assistance not included in the government's motion. The district court conducted a hearing on the motion and reduced Hicks's sentence to 77 months, the bottom of the newly calculated range (Hicks's request for 45 months, the court remarked, "represented too great a reduction for his level of cooperation, which involved no trial testimony or pro-active work"). The court then deducted another 28 months to account for time Hicks spent in state custody while assisting the government.

Hicks appealed, but his appointed counsel has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Hicks has not responded to counsel's submission. *See* Cir. R. 51(b). We confine our review to the potential issue identified by counsel. *See United States v. Schuh*, 289 F.3d 986, 973–74 (7th Cir. 2002).

Counsel considers whether Hicks could challenge the extent or legality of his reduced sentence, but properly concludes that such a challenge would be frivolous. "Rule 35(b) hearings do not provide an opportunity for a full resentencing;" the district court may assess only whether the defendant's assistance to the government merits a reduction in his sentence. *United States v. Webster*, 666 F.3d 1023, 1025 (7th Cir. 2012). And we would lack jurisdiction to review the extent of that reduction. *Id.* at 1024; *United States v. McGee,* 508 F.3d 442, 444–45 (7th Cir. 2007). Counsel correctly observes that the district court did not rely on any inappropriate factors in its Rule 35(b) analysis.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.