WILLIAMS, Circuit Judge,
concurring.
I believe that we have jurisdiction to consider this appeal because McMurtry’s argument — that the district court failed to consider or address his principal non-frivolous argument concerning the McBride sentencing method — is procedural. See United States v. Chapman, 532 F.3d 625, 628 (7th Cir.2008). McMurtry’s appellate brief argues repeatedly that the district court did not exercise its discretion at all, not that the district court substantively erred in its exercise. (See Br. at 9 (district court “did not exercise its discretion”), 10 (“the defendant is entitled to insist that the judge exercise discretion”), 11 (“the district court did not exercise its discretion because it did not address McMurtry’s alternative [McBride ] method for evaluating the value of his assistance”).) McMurtry’s brief relies heavily on United States v. Cunningham, 429 F.3d 673 (7th Cir.2005), which found that the district court procedurally erred by “pass[ing] over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion.” Id. at 679. (See Br. at 8,10.) Most importantly, his brief expressly acknowledges that if the district court had actually considered his McBride argument and nonetheless arrived substantively at the same sentence, there would be no basis for appeal. (See Br. at 10-11.) And McMurtry’s counsel repeatedly emphasized this procedural point at oral argument. In my view, these factors distinguish this case from the cases (Johnson, Correa, Dean) relied upon by the majority.
Nonetheless, I agree with the effective outcome of the appeal’s dismissal because I believe McMurtry’s argument about procedural error is without merit. Though the district court did not specifically reference the McBride sentencing method, the essence of McMurtry’s argument was that only the McBride method accurately reflected the strength of his cooperation, and the district court directly and adequately addressed the strength of McMurtry’s cooperation. I therefore concur.