DIAZ, Circuit Judge,
concurring in the result:
Applying harmless error analysis, the government contends, and the majority accepts, that even if the district court had first granted the government’s Rule 35(b) motion based solely on substantial assistance before separately considering the extent of any sentence reduction, the court would nevertheless have refused to reduce Tyner’s sentence because Tyner had already received a significant sentence variance and there was a likelihood that he *175 would reoffend. But this conclusion is circular, as the act of granting a Rule 35(b) motion is the sentence reduction, just as the rejection of a sentence reduction is the denial of the motion.
In my view, the proper harmless error inquiry would instead ask whether the district court would have denied a sentence reduction under Rule 35(b) based solely on the merits of Tyner’s assistance to the government. Because I cannot confidently answer that question “yes” on this record, I find it necessary to address what the majority acknowledges is an open question in this circuit: whether a district court may consider other factors in denying a Rule 35(b) motion. I would hold that it can.
Specifically, I agree with our sister circuits that a district court may properly consider factors other than substantial assistance in denying a Rule 35(b) motion. See United States v. Chapman, 532 F.3d 625, 629 (7th Cir.2008) (“Nothing in the text of Rule 35(b) limits the factors that may militate against granting a sentence reduction....”); United States v. Doe, 351 F.3d 929, 933 (9th Cir.2003) (holding that a district court’s consideration of factors other than a defendant’s substantial assistance is a proper exercise of its discretion in denying a Rule 35(b) motion); United States v. Manella, 86 F.3d 201, 204 (11th Cir.1996) (“[T]he only factor that may militate in favor of a Rule 35(b) reduction is the defendant’s substantial assistance. Nothing in the text of the rule purports to limit what factors may militate against granting a Rule 35(b) reduction.”). Accordingly, the district court did not err in considering the variance Tyner had already received in sentencing or Tyner’s likelihood of recidivism when it denied the government’s Rule 35(b) motion.
For these reasons, I concur in the result affirming the district court’s order.