In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 15-3486

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICHARD HARRINGTON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 CR 814-1 — **Amy J. St. Eve**, *Judge*.

_____

ARGUED AUGUST 9, 2016 — DECIDED AUGUST 19, 2016

_____

Before BAUER, POSNER, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. Richard Harrington is a former client of the well-known Chicago-based criminal defense lawyer Beau Brindley, who last year was acquitted in a bench trial presided over by Judge Leinenweber of the Northern District of Illinois of charges that Brindley had encouraged Harrington, a drug dealer, and other clients to lie on the stand during their criminal trials. Harrington managed to elude conviction in his own trial, but having pleaded guilty

to other charges was sentenced by Judge St. Eve, also of the Northern District of Illinois, to 264 months in prison, subsequently reduced because of a retroactive change in the Sentencing Guidelines to 212 months.

Just over a year after Harrington was sentenced, the government asked for his cooperation in its investigation of Brindley. After meeting with prosecutors several times, he testified as a government witness first before the grand jury and then for an entire day during Brindley's two-week trial. Despite Brindley's acquittal the government filed a motion under Federal Rule of Criminal Procedure 35(b)(2)(C) asking Judge St. Eve to reduce Harrington's sentence by 25 percent as a reward for his substantial assistance in investigating and prosecuting Brindley. But the judge granted only a 14 percent reduction, precipitating this appeal by Harrington. Rather oddly, as it seems to us, in this court the government is defending Judge St. Eve's rejection of its request for a larger reduction—not because it is convinced by her reasons (which are, as we're about to see, vulnerable to criticism), but because it thinks she has the ultimate authority to decide how much of a sentencing reduction to give a cooperating witness.

Harrington's appeal pivots on the judge's explanation at the resentencing hearing for why she was rejecting the government's request for the larger reduction. She said:

> The motion was made under Rule 35, which leaves it to the Court's discretion, if substantial assistance was provided, whether or not to grant a motion for a downward departure.
> The substantial assistance—nothing I am saying is suggesting that you [one of the prosecutors] did not believe Mr. Harrington was telling the truth. So, I fully be-

lieve that you and the other prosecutors believed Mr. Harrington was telling the truth.

Judge Leinenweber, who is one of the finest trial judges in this building, found that the government had not met its burden of proof. And I think implicit in that is that Mr. Harrington's testimony didn't establish beyond a reasonable doubt that Mr. Brindley and his co-defendant had committed the crimes that they were charged with.

I recognize—and I have not seen the transcript, but based on what you are saying, I recognize—that Judge Leinenweber did not make any negative findings and did not find that you, Mr. Harrington, had lied in his courtroom.

As I made fully known to you when you first presented this motion, it concerns me that you are asking now for a benefit for Mr. Harrington having lied to this Court during his trial. I respectfully disagree with you when you say, well, everybody has a crime when they come in on a Rule 35 and this is no different than that, because certainly everybody has the underlying crime that they are convicted of; but, this goes above and beyond. In this courtroom, he came in, in addition to the underlying drug crime, and lied to the Court when he was testifying.

I also gave Mr. Harrington the benefit of the doubt during the original sentencing hearing. The probation officer and the government both asked for an obstruction of justice enhancement and a two-level enhancement. And I think I made clear at the sentencing that I could have given that, but I did not. So, you got the benefit of that, which, given your statements now, you certainly were not entitled to. So, that gives me concern.

Having said that, I recognize that there is value to encouraging cooperators to come forward when they are in this situation; and, I recognize there is value to the government in being able to offer deals and potential lower sentences to individuals who are willing to come forward to help with difficult prosecutions.

I will grant your motion, but I am not granting it in full. I am not giving, for the reasons I have just articulated, the full amount that you are asking for in terms of cooperation.

I will grant your motion under Rule 35 and lower Mr. Harrington's sentence from 212 months to 182 months. …

Several aspects of this statement are troubling. One is the remark that "Harrington's testimony didn't establish beyond a reasonable doubt that Mr. Brindley and his co-defendant had committed the crimes that they were charged with." That is, they were acquitted, which may have had nothing to do with Harrington's testimony. There is no indication that he lied at Brindley's trial or had any incentive to see Brindley acquitted—on the contrary, had Brindley been convicted this would have enhanced Harrington's value to the prosecution and thereby increased the likelihood that the government would go all out, and succeed, in persuading the district judge to give him the full 25 percent discount as a reward. Since Harrington can't be blamed for Brindley's acquittal, we can't understand how the fact that Brindley was acquitted could figure (as it appears to have done) in Judge St. Eve's determination of how large a sentence reduction to give Harrington.

Another oddity in the judge's statement is its negative reaction to what she described as the prosecutor's "asking now for a benefit for Mr. Harrington having lied to this Court during his trial" before Judge St. Eve. That was not what the prosecutor was asking for—a reward to Harrington for lying. That would be absurd. The prosecutor was asking for a reward for Harrington's efforts to help the government make its case against Brindley in a trial unrelated to Harrington's trial for a drug-related offense. The judge did not say that she thought Harrington had lied at Brindley's trial—nor had Judge Leinenweber evinced any suspicion of such a possibility. Yet her remark about Harrington's having failed to prove Brindley's guilt suggests that she thought he hadn't tried hard enough, although there is no evidence to back up that suggestion. Her intimating that Harrington had failed to

nail Brindley and that his failure was relevant to how large a sentence reduction he was entitled to would give cooperating witnesses, such as Harrington, who hope for a sentence reduction in exchange for testifying against another criminal defendant, an incentive to exaggerate—even perhaps to lie—in testifying.

Although Harrington cannot be blamed for Brindley's acquittal, Judge St. Eve's statement explaining her denial of the government's motion implies that she thought that the size of any sentence reduction to which Harrington would be entitled would have to be a function not only of his effort on the government's behalf but also of his success. Yet obviously Harrington could not have directed Judge Leinenweber's verdict. And remember the judge's statement that she wasn't giving Harrington the full sentence reduction requested by the government "for the reasons I have just articulated"? One of those reasons was his failure to procure the conviction of Brindley.

Also missing from her statement is a satisfactory explanation of why she chose to reduce Harrington's sentence by only 14 percent. The 25 percent reduction sought by the government would have reduced his sentence from 212 months to 159 months; the judge's 14 percent reduction reduced it to 182 months. These are very long sentences—13 years 3 months and 15 years 2 months, respectively—and one would expect the judge to give a reason for deciding to add nearly two years to the government's recommended sentence. She did say that in testifying in his trial before her he had "lied to the Court." That could be the basis of a prosecution for perjury, but there was no such prosecution. Perjury is a different offense from dealing in illegal drugs. If the judge

wanted to sentence Harrington to two years in prison for perjury without the benefit of a prosecution for that offense, one would expect her to give a reason for having chosen a two-year term. One might also have expected her to ask the prosecutor how the figure of 25 percent had been arrived at in seeking to compensate Harrington and other like-situated defendant-cooperating witnesses for assisting the government in prosecuting other criminals.

We're further puzzled by the judge's remark that "I also gave Mr. Harrington the benefit of the doubt during the original sentencing hearing. The probation officer and the government both asked for an obstruction of justice enhancement and a two-level enhancement. And I think I made clear at the sentencing that I could have given that, but I did not. So, you [Mr. Harrington] got the benefit of that, which, given your statements now, you certainly were not entitled to." It seems that the judge was expressing regret for having refused the government's requests for an obstruction of justice adjustment and a two-level enhancement (she does not say what the two-level enhancement would have been for), and that one reason for in effect adding two years to his sentence by reducing it by only 14 percent was to compensate the government for her having turned down its two earlier requests. But she doesn't indicate why she thought those requests had she granted them would have justified two more years of imprisonment for Harrington under the statutory sentencing factors, see *United States v. Webster*, 666 F.3d 1023, 1026 (7th Cir. 2012), and why his "statements now" showed that he should have gotten the enhancements. Moreover, the government was not seeking such compensation—that is, a lower reduction in his sentence to compensate for his not having been subjected to the enhancements.

We don't mean to suggest that Judge St. Eve, a very experienced, conscientious, and highly regarded judge, in fact erred in denying Harrington the full 25 percent sentence reduction that the government sought. She may or may not have. But a lack of clarity in her statement explaining that ruling leaves us unable to understand the reasoning process that led her to reject the government's request for a 25 percent sentence reduction. Given our uncertainty we think it best to vacate the district court's judgment and remand for reconsideration of the government's motion.

VACATED AND REMANDED.