**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellant,*

v.

DOUGLAS L. JOHNSON,
　　　　　*Defendant-Appellee.*

No. 02-4413

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Matthew J. Perry, Jr., Senior District Judge.
(CR-01-677)

Argued: October 26, 2004

Decided: December 29, 2004

Before WILKINSON and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by published opinion. Senior Judge Hamilton wrote the
opinion, in which Judge Wilkinson and Judge Traxler joined.

## COUNSEL

**ARGUED:** Winston David Holliday, Jr., OFFICE OF THE UNITED
STATES ATTORNEY, Columbia, South Carolina, for Appellant.
Louis H. Lang, CALLISON, TIGHE & ROBINSON, Columbia,
South Carolina, for Appellee. **ON BRIEF:** J. Strom Thurmond, Jr.,
United States Attorney, Jane B. Taylor, Assistant United States Attor-
ney, Columbia, South Carolina, for Appellant.

**OPINION**

HAMILTON, Senior Circuit Judge:

The principal question presented in this appeal is whether, upon the government's motion for a downward departure pursuant to 18 U.S.C. § 3553(e), a district court can impose a sentence below the Guideline range even though the defendant is subject to a statutory minimum sentence that exceeds the Guideline range. We hold that the court can impose such a sentence.

I

Douglas Johnson pled guilty to possession with intent to distribute fifty grams or more of cocaine base (crack), 21 U.S.C. § 841(a)(1). As part of his plea agreement, Johnson agreed to cooperate in an investigation into the importation and distribution of controlled substances and other unlawful activities. Conditioned upon Johnson providing substantial assistance in the investigation or prosecution of other offenders, the government agreed to move for a downward departure pursuant to § 3553(e) and United States Sentencing Guidelines Manual (USSG) § 5K1.1 and/or to move for a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

The government subsequently moved for a downward departure pursuant to *both* § 3553(e) and § 5K1.1. In its motion, the government stated that Johnson cooperated with government agents immediately upon his arrest. While on bond, Johnson worked with the agents as an informant, making controlled purchases of crack from several persons.

At sentencing, the district court referred to the presentence investigation report, which stated that Johnson's offense level was 31 and his criminal history category was III, with a resulting Guideline range of 135 to 168 months. The court then heard argument on the extent of any downward departure. The Assistant United States Attorney (AUSA) stated that Johnson had cooperated since the night he was arrested and that he was responsible for the arrests of four individuals. The AUSA added that she fully expected to return to court later to

make a Rule 35(b) motion because Johnson was helping government agents with other cases.

The AUSA stated that Johnson was subject to a minimum sentence of 240 months because he had a prior felony drug conviction, *see* 21 U.S.C. § 841(b)(1)(A) (defendant convicted under this section who has a prior conviction for a felony drug offense that has become final is subject to sentence of twenty years to life). The AUSA recommended a four-level downward departure from 240 months to a sentence within Johnson's original Guideline range of 135 to 168 months.[1]

The district court initially determined that a five-level departure from the original offense level was in order, reducing Johnson's offense level to 26. However, the court was reminded that the starting point for any departure had to be the 240-month statutory minimum sentence, *see* USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). After hearing argument and the testimony of a few character witnesses and Johnson, the district court stated that, absent the downward departure, Johnson was exposed to a minimum 240-month sentence. The court noted that, because it was granting the motion for a downward departure, it was not required to sentence Johnson to 240 months. The court then sentenced Johnson to eighty-four months' imprisonment.

## II

### A

The first issue in the case is whether the district court chose the

---

[1]Apparently, the AUSA moved down criminal history category III until she found the first Guideline range within that category that included the statutory minimum sentence of 240 months. Thus, she arrived at 210 to 262 months, which is the range for offense level 35, criminal history category III. She then recommended that the court depart downward by four offense levels to reach Johnson's original Guideline range of 135 to 168 months (offense level 31, criminal history category III).

correct starting point for departing downward. Although the court ini-
tially determined that it would depart downward from the original
Guideline range (135 to 168 months), the court subsequently cor-
rected itself and stated on at least two occasions that its starting point
for the departure was 240 months. The court's approach—starting to
depart downward from the statutory minimum sentence of 240
months—was consistent with the decisional law of our circuit. *See
United States v. Pillow*, 191 F.3d 403, 406-07 (4th Cir. 1999) (holding
that, after granting the government's motion for downward departure
pursuant to both § 3553(e) and § 5K1.1, the district court did not err
when it determined that the starting point for departing downward
was the higher statutorily required minimum sentence and not the
lower otherwise applicable Guideline range). Accordingly, the district
court did not err when it used 240 months as the starting point for
departing downward.

B

The next issue in the case concerns whether the district court was
permitted to depart below the Guideline range of 135 to 168 months
even though Johnson was subject to a statutory minimum sentence
(240 months) that exceeded the Guideline range. As noted above, the
government's departure motion was made pursuant to *both* § 3553(e)[2]
and § 5K1.1.[3]

---

[2]Section 3553(e) grants the district court authority, upon the govern-
ment's motion, to depart below a statutory minimum sentence in order
to reward a defendant's substantial assistance:

> Upon motion of the Government, the court shall have the author-
> ity to impose a sentence below a level established by statute as
> a minimum sentence so as to reflect a defendant's substantial
> assistance in the investigation or prosecution of another person
> who has committed an offense. Such sentence shall be imposed
> in accordance with the guidelines and policy statements issued
> by the Sentencing Commission pursuant to section 994 of title
> 28, United States Code.

18 U.S.C. § 3553(e).

[3]USSG § 5K1.1 provides:

In *United States v. Wilson*, 896 F.2d 856 (4th Cir. 1990), we held that § 3553(e) placed no limit on the court's authority to impose a sentence below the statutory minimum sentence or the low-end of the Guideline range:

> The government made its motion under 18 U.S.C. § 3553(e) to impose a sentence below a level established by statute so as to reflect the defendant's substantial assistance in the investigation or prosecution of others. Under the literal terms of that statute, there is no lower limit placed on the court's authority, and no straining of the statute is necessary to arrive at that conclusion. The provision of § 3553(e) that "such sentence shall be imposed in accordance with the Guidelines and Policy Statements issued by the Sentencing Commission . . ." does not have any effect on the court's authority to impose merely a probationary sentence, should it be so advised, for the Sentencing Commission has not placed any limit on the amount of a sentence a district court may impose under § 3553(e). Should the government take

---

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a)   The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

  (1)   the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

  (2)   the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

  (3)   the nature and extent of the defendant's assistance;

  (4)   any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and

  (5)   the timeliness of the defendant's assistance.

USSG § 5K1.1.

issue with the amount of downward departure from the Guidelines, it may appeal, in which event the question on appeal is whether or not the sentence imposed by the district court was reasonable. 18 U.S.C. § 3742(e). So the limit of the district court's discretion is the question of whether or not the sentence imposed was reasonable, not the limit of a finite term to be imposed. . . .

So the statute and all the Guideline references, including the Policy Statement of the Sentencing Commission, are consistent with our construction of the statute, which is that the authority of a district court to depart from the Guidelines following a motion by the government under § 3553(e), acknowledging substantial assistance, is not limited so that a finite sentence must be imposed, rather probation is authorized.

*Id.* at 859-60. Thus, under *Wilson*, there was no limit on how low the district court in this case could have departed under § 3553(e) as long as the extent of the departure was reasonable under 18 U.S.C. § 3742(e). This reading of *Wilson* is consistent with decisional law from one of our sister circuits. *Cf. United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2002) (holding that, where a defendant's Guideline range is 121 to 151 months and his statutory minimum sentence is 240 months and the government moves for a downward departure pursuant to both § 3553(e) and § 5K1.1, the starting point for the departure is 240 months and the court is not limited to the low end of the Guideline range in determining the extent of the departure).[4]

It has been suggested, and interpreted by some, that *Pillow* limits the extent of a § 3553(e) downward departure to the low-end of the

---

[4]When a statutory minimum sentence is involved in the case, a § 5K1.1 motion is less defendant-friendly than a § 3553(e) motion. A § 3553(e) motion allows the district court to depart below *both* the statutory minimum sentence and the low-end of the Guideline range. However, a § 5K1.1 motion does not allow the court to depart below the statutory minimum sentence. *Cf. Melendez v. United States*, 518 U.S. 120, 129-31 (1996) (holding that a motion under § 5K1.1 permitted a downward departure from the Guideline range but that the departure could not extend below the statutory minimum sentence absent an additional motion by the government under § 3553(e)).

Guideline range that would have applied absent the statutory minimum sentence. A careful reading of *Pillow* makes clear that such is not the case. *Pillow* merely clarified that once a district court has departed pursuant to § 3553(e), it cannot depart further pursuant to § 5K1.1 of the Guidelines. *Pillow*, 191 F.3d at 407 ("That the resulting 'sentence' must be imposed in accordance with the Sentencing Guidelines and policy statements does not mean, as Pillow contends, that the resulting sentence becomes the guideline sentence and, therefore, the starting point for the § 5K1.1 departure."). Indeed, when the government moves for a § 3553(e) departure, there would be no reason for seeking an additional downward departure under § 5K1.1 because, as *Wilson* holds, under § 3553(e), there is no limit to how low the district court could depart as long as the extent of the departure is reasonable under 18 U.S.C. § 3742(e). *Wilson*, 896 F.2d at 859-60. Although the district court's departure in *Pillow* resulted in a sentence that coincided, by mere happenstance, with the low-end of the otherwise applicable Guideline range (a fortuity which perhaps has created significant confusion) does not place a floor below which a district court cannot depart under § 3553(e). Thus, *Pillow* does not address the issue before us now—the limits on the extent of a § 3553(e) departure—other than its note that the court should "use the factors listed in § 5K1.1(a)(1)-(5) as its guide when it selects a sentence below the statutorily required minimum sentence." *Pillow*, 191 F.3d at 407.

In sum, given the district court's broad discretion, albeit guided by the factors listed in § 5K1.1(a)(1)-(5), to determine the extent of a § 3553(e) departure, *Wilson*, 896 F.2d at 859-60, we make clear today that, when the government moves for a downward departure pursuant to § 3553(e), a district court can impose a sentence below the Guideline range even though the defendant is subject to a statutory minimum sentence that exceeds his Guideline range.[5]

---

[5]We note that the government does not challenge the reasonableness of the district court's departure under 18 U.S.C. § 3742(e).

### III

For the reasons stated herein, the judgment of the district court is affirmed.[6]

*AFFIRMED*

---

[6]Although this case involves the Sentencing Guidelines, we have held that *Blakely v. Washington*, 124 S. Ct. 2531 (2004), does not invalidate the Sentencing Guidelines. *United States v. Hammoud*, 381 F.3d 316, 353 (4th Cir. 2004) (*en banc*).