**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 05-4176

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

PATRICIA GONZALEZ, a/k/a Pat,

Defendant - Appellee.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, Senior District Judge. (CR-03-114)

───────────

Argued:  September 19, 2005          Decided:  October 26, 2005

───────────

Before WILKINSON and MOTZ, Circuit Judges, and R. Bryan HARWELL, United States District Judge for the District of South Carolina, sitting by designation.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

**ARGUED:** Anthony Paul Giorno, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellant.  John Palmer Fishwick, Jr., LICHTENSTEIN, FISHWICK & JOHNSON, P.L.C., Roanoke, Virginia, for Appellee. **ON BRIEF:** John L. Brownlee, United States Attorney, Roanoke, Virginia, for Appellant.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Although the Government did not move for a downward departure pursuant to 18 U.S.C. § 3553(e) (2005), the district court sentenced Patricia Gonzalez below the statutorily mandated minimum. The Government appeals. For the reasons that follow, we vacate and remand for re-sentencing.

I.

Gonzalez pled guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of methamphetamine and 100 kilograms or more of marijuana. As part of the plea agreement, the Government agreed that it would not seek an enhancement for Gonzalez's prior drug conviction or for possession of a firearm in connection with the offense. Consequently, under 21 U.S.C. § 841 (2002), the mandatory minimum term of imprisonment for the crime charged was ten years.[1]

The plea agreement provided that Gonzalez might "be given an opportunity to earn 'substantial assistance' credit pursuant to Section 5K1.1 of the Sentencing Guidelines, Title 18 United States Code, Section 3553(e) and Rule 35(b) of the Federal Rules of Criminal Procedure." The agreement further provided that "ANY

---

[1]If the government had sought the enhancement for Gonzalez's prior drug conviction, the statutory mandatory minimum sentence for the current offense would have been twenty years, rather than ten. 21 U.S.C. § 841(a)(1), (b)(1)(A).

SUBSTANTIAL ASSISTANCE MOTION MAY BE LIMITED." (emphasis in original). In addition, the plea agreement provided that it was within the "sole discretion" of the United States Attorney to make a motion for substantial assistance, and that absent such a motion, "the Court cannot reduce the sentence below the Guidelines or statutorily mandated minimum sentence."

The presentence investigation report recommended that Gonzalez be given a total offense level of 34, and calculated a criminal history category of II; as a result, the suggested sentencing range under the Guidelines was 168 to 210 months.[2] Prior to sentencing, the Government moved for substantial assistance consideration pursuant to the U.S.S.G. § 5K1.1 (2004), requesting that Gonzalez receive "the benefit of a sentencing departure from the minimum guideline level otherwise found to apply AND EXPRESSLY EXCLUDING departure from the statutory minimum." (emphasis in original). The Government did not make any motion under 18 U.S.C. § 3553(e).

---

[2]The report suggested that Gonzalez be given a two-level enhancement because of the characteristics of the drug involved in her offense and a three-level enhancement for her role in the offense. Gonzalez objected, and continues to object, to these enhancements as contrary to United States v. Booker, 125 S. Ct. 738 (2005); she asserts that she did not admit the underlying facts in her plea agreement and therefore, they could not be considered in setting the offense level. Because the district court imposed a sentence (eighty-four months) far below the Guideline range even without the enhancements (135 to 168 months), Gonzalez's Booker argument provides her no relief. See United States v. White, 405 F.3d 208 (4th Cir. 2005).

Nevertheless, the district court sentenced Gonzalez to eighty-four months imprisonment, a sentence falling below the statutory mandatory minimum term of ten years.  The Government timely appealed.

II.

Whether the district court erred in imposing a sentence below the statutory mandatory minimum for the offense charged constitutes a question of law that we review de novo.  United States v. Cheek, 94 F.3d 136, 140 (4th Cir. 1996).

Section 3553(e) provides that: "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C.A. § 3553(e).  A separate and distinct provision in the law-- U.S.S.G. § 5K1.1--provides that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

Gonzalez maintains that the district court could properly sentence her below the statutory mandatory minimum and the

-4-

guidelines range as long as the Government filed <u>any</u> motion for substantial assistance consideration. We disagree.[3]

In <u>Melendez v. United States</u>, 518 U.S. 120 (1996), the Supreme Court analyzed the relationship between § 3553(e) and § 5K1.1. Specifically, the Court addressed the question of whether a government motion made under § 5K1.1 vested the district court with authority to depart below the statutory mandatory minimum sentence for the charged offense. In holding that it did not, the Court explained that

> nothing in § 3553(e) suggests that a district court has power to impose a sentence below the statutory minimum to reflect a defendant's cooperation when the Government has not authorized a sentence, but has instead moved for a departure only from the applicable Guidelines range. . . . Moreover, we do not read § 5K1.1 as attempting to exercise this nonexistent authority.

<u>Id.</u> at 126-27. The <u>Melendez</u> Court held that before a district court could sentence below a statutory mandatory minimum, the

---

[3]Gonzalez also argues that the terms of the plea agreement are ambiguous. This contention rests on the following phrase in the agreement: "I understand that if the United States does not make <u>the</u> motion, then the Court cannot reduce the sentence below the Guidelines <u>or</u> statutorily mandated minimum sentence." (emphasis added). Gonzalez maintains that the emphasized terms indicate that a single motion under § 5K1.1, § 3553(e) <u>or</u> Rule 35(b) permits the district court to depart from both the guidelines and the statutory mandatory minimum. This argument fails too, for the plea agreement unambiguously reserves to the Government the right to limit any substantial assistance motion; in the agreement, Gonzalez specifically agreed that she had "BEEN INFORMED BY THE UNITED STATES ATTORNEY THAT ANY SUBSTANTIAL ASSISTANCE MOTION MAY BE LIMITED." (emphasis in original).

-5-

Government must specifically move for such a departure.  Id. at 129-30.

In United States v. Johnson, 393 F.3d 466 (4th Cir. 2004), we applied Melendez and recognized that the particular type of motion for substantial assistance consideration determines the type of departure a district court is authorized to make.  We explained that

> [w]hen a statutory minimum sentence is involved in a case, a § 5K1.1 motion is less defendant-friendly than a § 3553(e) motion.  A § 3553(e) motion allows the district court to depart below both the statutory minimum sentence and the low-end of the Guideline range.  However, a § 5K1.1 motion does not allow the court to depart below the statutory minimum sentence.

Id. at 470 n.4 (second emphasis added).

In this case, the Government neither explicitly nor implicitly made a motion under § 3553(e).  In its pre-sentence motion for substantial assistance consideration, the Government moved, pursuant to § 5K1.1 only, that Gonzalez "be accorded the benefit of a sentencing departure from the minimum Guideline level otherwise found to apply AND EXPRESSLY EXCLUDING departure from the statutory minimum." (emphasis in original).  Furthermore, at the sentencing hearing, the Government also indicated it moved pursuant only to § 5K1.1 and not § 3553(e).  Thus, both in writing and orally, the Government disclaimed any intention to move under § 3553(e).  Absent such a motion, the district court lacked authority to

-6-

sentence Gonzalez below the statutory mandatory minimum of ten years.

### III.

Alternatively, Gonzalez argues that 18 U.S.C.A. § 3553(f)(2000) authorized the district court to depart below the statutory mandatory minimum sentence.[4] This statute, known as the "safety valve" provision, provides that "[n]otwithstanding any other provision of law," in certain types of offenses, including the drug offense with which Gonzalez was charged, "the court shall impose a sentence . . . without regard to any statutory minimum sentence" if a defendant satisfies certain enumerated factors. 18 U.S.C.A. § 3553(f). Gonzalez asserts that she has met all of the § 3553(f) requirements and that therefore, the district court did not err in sentencing her below the mandatory statutory minimum.

To qualify for the safety valve provision, a defendant must first show that she "does not have more than one criminal history point, as determined under the sentencing guidelines." 18 U.S.C.A. § 3553(f)(1). Under U.S.S.G. § 4A1.1 (2004), three points are added to the criminal history computation of a defendant "for each

---

[4]U.S.S.G. § 5C1.2 (2004) has an analogous provision, providing for "[l]imitation on applicability of statutory minimum sentences in certain cases." The enumerated factors required for consideration under this provision are the same as those required under § 3553(f). Thus, the discussion above analyzing Gonzalez's claims under § 3553(f) apply with equal force to an analysis under § 5C1.2.

prior sentence of imprisonment exceeding one year and one month."

Because Gonzalez had been convicted of a crime in 1988 and given a

sentence of one to three years, the district court added three

points to her criminal history, thereby disqualifying her from

eligibility under the safety valve provision.

Gonzalez maintains that, because she was paroled in 1988 after

four months, only the time she actually served should be considered

in determining her eligibility for sentencing under the safety

valve provision. Neither the Guidelines nor the case law permit

such a holding.

U.S.S.G. § 4A1.2(b) defines "sentence of imprisonment" as used

in § 4A1.1 to calculate a criminal history category as "the maximum

sentence imposed." In Application Note 2 to that guideline, the

Commission explains that "criminal history points are based on the

sentence pronounced, not the length of time actually served."

U.S.S.G. § 4A1.2, cmt.2 (2004). Only when a state court suspends

a sentence may a federal court use the time actually served to

calculate the criminal history category. See, United States v.

Adams, 988 F.2d 493, 497 n.5 (4th Cir. 1993) (explaining that the

applicable sentence of imprisonment under § 4A1.2 is the time not

suspended by a state court).

We note that many of our sister circuits have reached a

similar conclusion. See, e.g. United States v. Carrasco-Mateo, 389

F.3d 239, 246 (1st Cir. 2004) (explaining that the Sentencing

Commission "explicitly rejects" the argument that under § 4A1.1, the sentence of imprisonment should be calculated based on time served, rather than on the actual sentence of incarceration); United States v. Frias, 338 F.3d 206, 210 (3rd Cir. 2003) (explaining that the term "sentence of imprisonment" in Chapter 4 of the Guidelines means the maximum sentence for which a defendant may be imprisoned); United States v. DePriest, 6 F.3d 1201, 1215 (7th Cir. 1993) (holding that the "'sentence of imprisonment' equals the unsuspended portion" of the sentence, and that "it makes no difference" whether the defendant actually serves the pronounced sentence in order for it to count in the criminal history category calculation, and listing other cases that have held similarly); United States v. Pedroli, 979 F.2d 116, 119 (8th Cir. 1992) ("[T]he Guidelines direct that the length of sentence of imprisonment is the stated maximum, not the length of time actually served," and "when the sentence imposed is indeterminate, we look to the maximum possible length of time that could have been served.").

Because Gonzalez's prior conviction carried a maximum sentence of three years, she clearly cannot satisfy the first requirement of the safety valve provision in 18 U.S.C.A. § 3553(f). Thus, we cannot uphold her sentence on this basis.

IV.

Finally, Gonzalez contends that departure below the mandatory statutory minimum sentence was appropriate under U.S.S.G. § 5H1.4 (2004), which provides that "an extraordinary physical impairment may be a reason to depart downward." This provision refers only to sentences based on guidelines factors; it does not give a court license to depart downward from a statutory mandatory minimum. Therefore, § 5H1.4 did not authorize the district court to sentence Gonzalez below the statutorily mandated ten-year term.

V.

For all of the reasons set forth within, we vacate the eighty-four month sentence imposed by the district court and remand the case for re-sentencing.

VACATED AND REMANDED

-10-