[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

No. 06-15599
Non-Argument Calendar

_____

D. C. Docket No. 04-20203-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN L. ROSS,
a.k.a. Bob Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 4, 2008)**

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Allen L. Ross appeals the district court's order granting the government's

motion to reduce Ross's sentence under Federal Rule of Criminal Procedure 35(b). After review, we dismiss in part and affirm in part.

## I. BACKGROUND

In 2003, pursuant to a written plea agreement, Ross pled guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)-(iii) and 846. The district court imposed a 235-month sentence. Ross did not file a direct appeal of his conviction or sentence.

In 2006, the government filed a Rule 35(b) motion, recommending a 50-percent reduction in Ross's sentence due to the significant assistance he had provided. At the Rule 35(b) hearing, Ross sought a reduction of almost 75 percent to 60 months, arguing that, if the government had filed a U.S.S.G. § 5K1.1 motion at his original sentencing, he would have already received a 50-percent reduction due to his pre-sentencing substantial assistance and that he was due a further 50-percent reduction for his post-sentencing cooperation.

The district court reduced Ross's sentence to 108 months' imprisonment, which was more than the 50-percent reduction requested by the government, but less than the reduction sought by Ross. Ross did not object to the district court's ruling. This appeal followed.

## II. DISCUSSION

On appeal, Ross argues that his sentence should have been reduced further. We lack jurisdiction, however, to review the refusal to grant a substantial assistance reduction or the extent of that reduction.  See United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996) (explaining that appellate jurisdiction over a Rule 35(b) ruling is limited by 18 U.S.C. § 3742 and does not include a district court's discretionary decision to grant or deny a sentence reduction).[1]  Thus, to the extent Ross seeks a greater sentence reduction, we dismiss this portion of his appeal.

Ross also argues that his reduced sentence was imposed in violation of the law, a claim we have jurisdiction to review.  See 18 U.S.C. § 3742(a)(1) (permitting appeal of a final sentence that "was imposed in violation of law . . ."); Manella, 86 F.3d at 203.  Ross argues that the district court erred in failing to consider the factors in 18 U.S.C. § 3553(a).  Because Ross failed to object to the

---

[1]We find no merit to Ross's argument that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), abrogated Manella and expanded our appellate jurisdiction to review a district court's discretionary sentencing reductions under Rule 35(b).  See United States v. McGee, 508 F.3d 442, 444-45 (7th Cir. 2007) (concluding that Booker did not affect the scope of appellate jurisdiction under § 3742(a) to review Rule 35(b) sentencing reductions); United States v. Haskins, 479 F.3d 955, 957 (8th Cir. 2007) (same); United States v. McKnight, 448 F.3d 237, 238 (3d Cir.), cert. denied, ___ U.S. ___, 127 S. Ct. 117 (2006) (same).  Ross's citation to United States v. Martin, 455 F.3d 1227 (11th Cir. 2006), is unavailing as Martin did not involve a Rule 35(b) sentencing reduction, but a substantial assistance departure from the Sentencing Guidelines under U.S.S.G. § 5K1.1, the extent of which was reviewable for reasonableness even prior to Booker.  See Martin, 455 F.3d at 1236.

3

Rule 35(b) ruling in the district court, our review is for plain error.  See United

States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006).

The district court has great discretion in deciding whether to grant a Rule

35(b) motion and the extent of any reduction.  See Manella, 86 F.3d at 204-05.

The district court may consider the § 3553(a) factors in order to refuse to grant a

Rule 35(b) motion or to grant a smaller reduction than requested by the

government.  Id.  However, in deciding to grant a reduction, the district court may

not consider any factor that may militate in favor of the reduction other than the

defendant's substantial assistance.  Id. at 204.

Because the district court could not and did not consider any factor other

than Ross's substantial assistance in determining the extent his Rule 35(b) sentence

reduction, Ross has failed to show any error, much less plain error, by the district

court.[2]  Thus, we affirm this portion of his appeal.

**DISMISSED IN PART; AFFIRMED IN PART.**

---

[2]Ross also argues that the district court erred by failing to compel the government to file a U.S.S.G. § 5K1.1 motion at or before his original sentencing, which he contends violated his due process rights.  To the extent Ross attempts to challenge his original sentence and the procedures used at his original sentencing, these arguments are outside the scope of this appeal.  See Fed. R. App. P. 4(b) (requiring a criminal defendant to file a notice of appeal within 10 days of the entry of the judgment that is being appealed); United States v. Ward, 696 F.2d 1315, 1317 (11th Cir. 1983) (explaining that this Court lacks appellate jurisdiction if the defendant fails to comply with Rule 4(b)).