In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2729

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

GREGORY SHELBY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 95 CR 69—**Charles P. Kocoras**, *Judge.*

ARGUED SEPTEMBER 17, 2009—DECIDED OCTOBER 19, 2009

Before POSNER, MANION, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* Rule 35(b)(2) of the federal criminal rules authorizes the district court, "upon the government's motion made more than one year after sentencing," to "reduce a sentence if the defendant's substantial assistance" falls into specified categories. The only question we are asked to decide is whether the rule allows the district judge to reduce the sentence on the basis of the factors that he would consider in initial

sentencing under the *Booker* regime—namely the factors listed in 18 U.S.C. § 3553(a).

In 1996 Judge Kocoras sentenced the defendant to 295 months in prison for drug and firearm offenses. The sentence was the sum of two consecutive sentences: a 235-month sentence for the drug offenses—a sentence at the bottom of the guidelines sentencing range— and a 60-month statutory-minimum sentence for the firearm offense; this sentence the statute required be consecutive to the drug sentence. At the time, the guidelines were mandatory. The judge expressed regret at having to impose such a long sentence on a 26-year-old; he said that "the guideline calculations and the gun count take us well past what might be necessary, both to punish you and to provide some measure of deterrence and to vindicate these laws, but I do not have that freedom." We affirmed the sentence. 121 F.3d 1118 (7th Cir. 1997).

In 2008 the government filed a Rule 35(b)(2) motion, recommending that the defendant's sentence be reduced by 30 months to reflect substantial assistance that he had provided more than a year after he had been sentenced. After two hearings on the motion, the judge reduced the sentence not by 30 months but by 115 months, to 180 months (that is, from a shade under 25 years to 15 years), on the basis of the sentencing factors that, now that the guidelines are merely advisory, judges are required by 18 U.S.C. § 3553(a) to consider in sentencing a defendant initially.

We can assume that if the judge was authorized to reduce the defendant's sentence on the basis of those

factors rather than just on the basis of the judge's evalua-tion of the defendant's assistance, the 115-month reduc-tion in the defendant's sentence was permissible. But we do not think the judge was authorized to consider those factors.

The purpose of Rule 35(b)(2) is to facilitate law enforce-ment by enabling the government to elicit valuable assis-tance from a criminal defendant more than a year after he was sentenced by asking the sentencing judge to reduce the defendant's sentence as compensation for the assistance that he provided. (Rule 35(b)(1) permits a similar motion to be made within a year after sentencing, but defines eligible assistance more broadly than Rule 35(b)(2) does.)

A provision of the guidelines that resembles Rule 35(b), section 3E1.1(b), increases the sentencing discount for acceptance of responsibility upon the government's motion for such an increase, as compensation for the defendant's having saved the government resources by timely notification of his intention to plead guilty. We have said that this section "confers an entitlement *on the government*: if it wants to give the defendant additional credit for acceptance of responsibility, perhaps to induce additional cooperation, and can satisfy the criteria in the subsection, it can file a motion and the defendant *will* get the additional one-level reduction in his offense level, though . . . [because the guidelines are now advisory] this may not determine his actual sentence." *United States v. Deberry*, 576 F.3d 708, 710 (7th Cir. 2009) (emphasis in original). Rule 35(b) likewise confers an entitlement on

the government rather than on the defendant; and although it does not specify the entitlement, as section 3E1.1(b) does (an additional one point off the offense level for acceptance of responsibility), it contains no suggestion that the filing of the motion allows the defendant to argue for resentencing on the basis of something other than the assistance he gave the government.

To suppose that the happenstance of the government's wanting to reward the defendant modestly for some post-sentencing cooperation reopens the entire sentencing process, permitting or even requiring the district judge to consider the full range of sentencing factors in 18 U.S.C. § 3553(a) just as he did when he first sentenced the defendant (or in this case as he would have done had the guidelines been merely advisory then), would create a triple anomaly. It would create arbitrary distinctions between similarly situated defendants; it would create the equivalent of a judge-administered parole system for defendants lucky enough to be the subject of a Rule 35(b)(2) motion, even though courts are not parole boards and the Sentencing Reform Act of 1984 abolished parole in federal cases; and it would impair the objective of Rule 35(b), which as we said is to assist law enforcement.

Imagine two criminals, *A* and *B*, who committed the same crime, were identically positioned in relation to the guidelines and the statutory sentencing factors, and were given the same 20-year sentence. Ten years later *A* happens to overhear a cellmate confess to a crime. He reports this to the authorities and later testifies against

the cellmate. The government seeks to reward him by moving under Rule 35(b)(2) for a 10 percent reduction in the length of his sentence, to 18 years. The judge, however, considering the section 3553(a) factors, reduces the sentence to 10 years, and since *A* has served 10 years he goes free. *B*, though eager to assist the government and obtain a reduced sentence as a reward, never has an opportunity to assist the government and as a result never has a chance to ask the judge to reduce his sentence on the basis of the section 3553(a) factors. As a result, he serves twice as long a sentence as *A*, rather than serving only two years longer (two years being the sentencing discount recommended by the government for *A* in our example).

Judge Kocoras appears to have felt that he was correcting another arbitrary difference—that between defendants such as Shelby sentenced before *Booker* made the guidelines advisory and defendants sentenced after. But the correction is severely incomplete, for how many Rule 35(b)(2) motions are made? There are no statistics, but we do know that the total number of both Rule 35(b)(1) and Rule 35(b)(2) motions that were granted in fiscal year 2008 was only 1,709, though there were a total of 74,493 federal sentences imposed that year. United States Sentencing Commission, *2008 Sourcebook of Federal Sentencing* tab. 62, tab. N (2008), http://www.ussc.gov/ANNRPT/2008/SBTOC08.htm (visited Sept. 30, 2009). One imagines that most were motions under Rule 35(b)(1), for after years of imprisonment a prisoner is unlikely to be able to render substantial assistance to the government. Prisoners on whose behalf no Rule 35(b)(2) motion is made cannot

get their pre-*Booker* sentence revised on the basis of substantial assistance to the government. Nor does *Booker* always work in favor of a defendant; the discretion it confers on sentencing judges is used to raise as well as to lower guidelines sentences, since "the only change" in sentencing brought about by *Booker* was "the degree of flexibility judges . . . enjoy in applying the guideline system." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Because "*Booker* does not apply to the scores of defendants whose sentences were final when *Booker* was handed down," "it would be unfair to allow a full *Booker* resentencing to only a subset of defendants whose sentences were lowered by a retroactive amendment." *United States v. Cunningham*, 554 F.3d 703, 708-09 (7th Cir. 2009).

If Judge Kocoras had the authority he claimed, we would have a regime of indefinite sentencing for defendants in cases in which the government files a Rule 35(b)(2) motion. For he based the reduction in the defendant's sentence not only on the circumstances that existed at the time of the original sentencing but also on events that had occurred in the 13 years since, such as the death of the defendant's mother, the defendant's pursuit of educational opportunities in prison, and a promise to him of a job if he were released. Post-sentencing developments are considered by a parole board in deciding whether to grant parole; had Congress wanted them to figure in the length of imprisonment of a federal offender it would not have abolished parole.

Allowing the judge to redo the sentence from the ground up when a Rule 35(b) motion is filed would

almost certainly reduce the number of such motions filed, to the detriment of the government—in whose interest, as we said, the rule was created—and of those criminal defendants who would be the beneficiaries of such a motion if it were filed but do not benefit because it is not filed. The government wanted the defendant's sentence reduced by 10 percent; the judge reduced it by almost 40 percent. Had the government known this could happen, it might well have decided not to file the motion, and then the defendant wouldn't have gotten a minute off his long sentence.

No doubt, when first adopted, the rule for which the defendant contends would increase the incentive of prisoners to cooperate by offering them the possibility that materialized for the defendant in this case. But they would quickly learn that the government would rarely make such motions any longer, not only because by doing so it would lose control of the sentencing process but also because the proceedings on the motion would be more complex, since the defendant could ask to be resentenced from the ground up. The resentencing would be the equivalent of an initial sentencing—as it was in this case. Judge Kocoras conducted two hearings before issuing the revised sentence. The government's motion had been filed on January 31; the revised sentence was issued on June 30, five months later. Granted, a factor in the delay in resentencing was the defendant's motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence on the basis of the retroactive amendment of the crack-cocaine offense levels in the guidelines. That was an alternative ground for the judge's reducing the defen-

dant's sentence, but one that the defendant concedes is foreclosed by *United States v. Forman*, 553 F.3d 585, 587-88, 590 (7th Cir. 2009) (per curiam), which is why we confine our analysis to Rule 35(b)(2).

The logic of our position might seem to be that the judge should not be permitted to reduce the sentence below the level specified in the government's motion even if he bases the reduction solely on his evaluation of the defendant's assistance. For that would loosen the government's control over the prisoner's fate. And the rule differs from the parallel provision of the guidelines, section 5K1.1, which authorizes a reduction in the guidelines sentence for substantial assistance, because that section is explicit that the government's evaluation of the assistance is merely one factor to be considered by the court in deciding by how much to reduce the defendant's sentence. E.g., *United States v. Udo*, 963 F.2d 1318, 1319 (9th Cir. 1992); *United States v. Haack*, 403 F.3d 997, 1004-05 (8th Cir. 2005); cf. *United States v. Gangi*, 45 F.3d 28, 31 (2d Cir. 1995).

But cases under a closer parallel to Rule 35(b) than section 5K1.1—namely 18 U.S.C. § 3553(e), which authorizes a reduction for substantial assistance below certain mandatory minimum sentences upon the government's motion—permit the judge to reduce the sentence by more than the government requested. *United States v. Wills*, 35 F.3d 1192, 1196 (7th Cir. 1994), overruled on other grounds by *Melendez v. United States,* 518 U.S. 120 (1996); *United States v. Burns*, 577 F.3d 887, 895 (8th Cir. 2009) (en banc); *United States v. Johnson*, 393 F.3d 466, 468-69

(4th Cir. 2004). The cases that have considered whether the judge can do this when the motion is a Rule 35(b)(2) motion indicate that he can. *United States v. Gangi, supra*, 45 F.3d at 30-32; *United States v. Poland*, 562 F.3d 35, 37, 40-41 (1st Cir. 2009); cf. *United States v. Doe*, 940 F.2d 199, 203 n. 7 (7th Cir. 1991); *United States v. Marks*, 244 F.3d 971, 973 n. 1 (8th Cir. 2001); *United States v. Awad*, 371 F.3d 583, 588 (9th Cir. 2004). The government seems content with such a result, because it does not argue that the judge in this case would have been forbidden to reduce the sentence by more than the government requested in its motion; maybe it thinks prisoners will be more willing to assist it if they have a shot at persuading a neutral arbiter to compensate them more generously than the government proposes to do. The government's argument, rather, is that the judge can decide by how much to reduce the sentence only on the basis of his evaluation of the defendant's assistance, and not on the basis of the sentencing factors in section 3553(a).

The defendant pitches his argument for the propriety of what Judge Kocoras did mainly on a change in the wording of Rule 35(b). Until amended in 2002, the rule provided that on the government's motion the judge could "reduce a sentence to reflect a defendant's subsequent, substantial assistance." The amendment deleted "to reflect," and the rule now reads "reduce a sentence if the defendant's substantial assistance involved" the provision of information satisfying the rule's criteria for substantial assistance. But the Committee's note to the amendment states that the changes are (with exceptions immaterial to this case) merely "stylistic." Since the title

of the rule was and is "Reducing a Sentence for Substantial Assistance," the words "to reflect" had been redundant.

The defendant also relies on several cases for his interpretation of the rule, but we need discuss only two. The first, *United States v. Chapman*, 532 F.3d 625 (7th Cir. 2008), held that the judge can decrease the reduction sought in the motion on the basis of the sentencing factors in 18 U.S.C. § 3553(a). But we didn't hold that the judge was authorized to use those factors to *increase* the reduction. The second case, *United States v. Grant*, 567 F.3d 776 (6th Cir. 2009), holds, contrary to our view, that the current rule does allow the sentencing judge to do what Judge Kocoras did—resentence the defendant *de novo*. The court relied on the language of the amended rule (that is, the deletion of "to reflect"), but also was troubled by what it thought to be the anomaly of the judge's being able to shrink the sentence reduction on the basis of the statutory sentencing factors but not to enlarge the reduction when those factors point in the opposite direction. The Sixth Circuit did not like what it called a "one-way ratchet." 567 F.3d at 783.

But the court overlooked the critical difference between an initial sentencing and a later alteration of the sentence.

Prosecution and defense cannot make an agreement on the sentence to be imposed that binds the sentencing judge. The prosecutor cannot say to the judge, "the defendant and I have agreed that the best disposition of this theft case would be for the defendant's right hand to be

amputated, so please so order." The judge cannot impose an illegal sentence. He therefore cannot impose a sentence that is inconsistent with the statutory sentencing factors. If the government said, "although the defendant is a mass murderer sentenced to life in prison and has served only two years of his sentence, he has given us such great information that we recommend that his sentence be reduced to time served," the judge would not be bound. The most that the prosecutor and the defendant, if they have agreed on the sentence, can do to obtain that sentence is to further agree that if the judge refuses to impose it their agreement is rescinded and they are back at the plea-bargaining table. Fed. R. Crim. P. 11(c)(1), (5)(B).

So the judge must reserve the right to condition the grant of a Rule 35(b) motion, in whole or in part, on its consistency with the statutory sentencing factors, in order to make sure that the reduced sentence is not unjust. *United States v. Chapman, supra*, 532 F.3d at 629; see also *United States v. Poole*, 550 F.3d 676, 680-81 (7th Cir. 2008); *United States v. Doe*, 351 F.3d 929, 933 (9th Cir. 2003); *United States v. Manella*, 86 F.3d 201, 204-05 (11th Cir. 1996) (per curiam). But there is no comparable reason for the judge to reexamine the entire sentence under section 3553(a). The sentence originally imposed on Shelby was a lawful sentence; he does not suggest otherwise. It was imposed by the judge on the basis of his consideration of the factors that were relevant to sentencing under the guidelines regime of that time. It was not a sentence imposed by agreement of the parties and rubber-stamped by the judge. The only aspect of the defendant's sen-

tencing that had not received judicial consideration of relevant factors was the proposed reduction in his original sentence for assisting the government long after he was sentenced.

We have rejected the "ratchet" argument in the related contexts of motions for reduction of sentence under 18 U.S.C. § 3553(e), see *United States v. Thomas*, 11 F.3d 732, 737 (7th Cir. 1993); cf. *United States v. Poland*, *supra*, 562 F.3d at 40-41, and under 18 U.S.C. § 3582(c), *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009). The first of these sections provides, as we noted earlier, for a sentence reduction below a mandatory minimum, and the second for reductions to reflect certain changes to the sentencing levels set by the Sentencing Commission. In both these statutory settings we have held that the authority to reduce the sentence does not allow a full resentencing. Even though section 3582(c) directs the judge to consider the section 3553(a) factors, he may do so only in deciding whether to grant a sentencing reduction *less* than the maximum allowed. The defendant's argument that our decision in *United States v. Chapman*, *supra*, allows this is incorrect. *United States v. Poole*, *supra*, 550 F.3d at 680; see also *United States v. Chapman*, *supra*, 532 F.3d at 629; *United States v. Doe*, *supra*, 351 F.3d at 933; *United States v. Manella*, *supra*, 86 F.3d at 204-05. We cannot think of any basis for treating motions under Rule 35(b)(2) differently.

The *Grant* opinion acknowledges that its position is inconsistent with that of other circuits, including ours:

Other circuits that have addressed this issue have tended to conclude that § 3553(a) factors can be considered in Rule 35(b) motions, but only for purposes of reducing the size of a downward departure, never for increasing it. In *United States v. Chavarria-Herrara*, the Eleventh Circuit held that, in reducing a sentence under Rule 35(b), a district court "may not rely on factors other than the substantial assistance of the defendant." 15 F.3d 1033 (11th Cir. 1994). This holding was premised entirely on "[t]he plain language of Rule 35(b)[, which] indicates that the reduction shall reflect the assistance of the defendant; it does not mention any other factor that may be considered." *Id.* at 1037. In *United States v. Manella,* the Eleventh Circuit modified this rule, holding that it was permissible for a district court to consider factors besides substantial assistance when deciding a Rule 35(b) motion, but only for the purposes of reducing the extent of the downward departure. 86 F.3d at 204-05. That is, a "district court may consider the § 3553(a) factors in order to refuse to grant a Rule 35(b) motion or to grant a smaller reduction than requested by the government. However, in deciding to grant a reduction, the district court may not consider any factor that may militate in favor of the reduction other than the defendant's substantial assistance." *United States v. Ross,* 280 Fed. Appx. 896, 897-98 (11th Cir. 2008) (citation omitted). This rule has been adopted by the Ninth Circuit, see *Doe,* 351 F.3d at 933, and cited approvingly in dicta by the Seventh, see *United States v. Poole,* 550 F.3d 676, 680 (7th Cir. 2008).

567 F.3d at 781.

For the reasons we've given, we are persuaded to adhere to the majority position. The judgment is therefore reversed and the case remanded for reconsideration of the government's motion.

REVERSED WITH DIRECTIONS.

EVANS, *Circuit Judge*, dissenting. Judge Kocoras sentenced the then 26-year-old Gregory Shelby to serve 285 months back in 1996. At that time, the judge expressed regrets—the sentence was far too long, he lamented, but his hands were tied by mandatory guidelines that shackled his ability to impose a sentence that was fair and reasonable. Today, the majority holds that Judge Kocoras overstepped his bounds when he recently reduced the now 40-year-old Shelby's sentence to a term of 180 months. Because I would affirm the judge's well-reasoned decision, I respectfully dissent.

Recent cases, most notably *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), represent a sea change in federal sentencing law. It is within that sea change that Judge Kocoras acted to give some relief to a defendant who has been behind bars since the first Clinton Administration. In doing so, the judge considered the § 3553(a) factors. The majority says he was wrong to do so. I disagree.

In *United States v. Chapman*, 532 F.3d 625 (7th Cir. 2008), the government moved, pursuant to Rule 35(b)(2), to reduce the defendant's original 120-month sentence by 36 months to a term of 84 months. The district judge, relying on the § 3553(a) factors, gave the defendant half a loaf—an 18-month reduction to a term of 102 months. In affirming that result we said:

> [A] faithful and pragmatic adherence to the mandate of 18 U.S.C. § 3553(a) counsels that the nature and extent of any reduction be determined in light of all the sentencing factors set forth in the statute. Post-arrest cooperation cannot be assessed in a vacuum. Whether such cooperation represents an opportunistic attempt to obtain a sentence reduction or a genuine alteration in the defendant's life perspective can best be determined by assessing that cooperation in light of earlier criminal history and the nature of the crime for which the defendant is presently being sentenced.

532 F.3d at 629. If it's kosher to rely on the § 3553(a) factors in giving only 50 percent of a sentence reduction sought by the government in a Rule 35 resentencing, why can't those factors also be considered in giving the defendant more of a reduction?

In *United States v. Grant*, 567 F.3d 776 (6th Cir. 2009), the defendant was initially sentenced to a term of 25 years. Subsequently, the government filed a Rule 35(b) motion asking for a sentence reduction to 16 years. The district judge went along with the program. The defendant appealed, arguing that the judge erred when he took the

position that he was powerless to consider anything other than "substantial assistance" in a resentencing proceeding under Rule 35(b). The Sixth Circuit agreed and reversed. The district judge, the court held, "is permitted to consider other factors normally required for a just sentence under § 3553(a)." Unlike the majority, I would not pooh-pooh the Sixth Circuit's decision because it rested, in part, on the removal of the "to reflect" language from the present version of Rule 35(b). I would instead embrace the view taken by our sister circuit.

Following the Sixth Circuit would also have the additional benefit of discouraging fudging by judges during Rule 35(a) resentencing proceedings. Judge Kocoras, of course, is a savvy 29-year veteran of the district court. I have no doubt whatsoever he could have said that Gregory Shelby's substantial assistance was of much more value than would be reflected by a modest reduction of only 30 months. Giving any kind of aid to prosecutors is dangerous for prisoners, the judge could have said, and Shelby deserved a much higher reward: letting the word get out that you are snitching while in prison can be extremely hazardous to one's health. In other words, the judge could have given Shelby a much greater reduction than 30 months if only he had confined his stated reasons to the substantial assistance rubric. This is game-playing, and we should not encourage it.

Finally, I wonder why the government even appealed in this case. Certainly it has the right to do so, but I would hope it has much better things to do. Without an appeal, Shelby's sentence reduction would have passed

under the radar screen without notice. Is it really all that important that Judge Kocoras gave Shelby the kind of sentence he would have preferred to have given him over a decade ago? After all, it's not like we're running out of people behind bars. According to recent government statistics reported by a Pew Charitable Trust study, the prison population in America has increased by 700 percent since 1970. The United States, the study reports, incarcerates more people than Russia, South Africa, Mexico, Iran, India, Australia, Brazil, and Canada combined—at an average cost of $22,650 per year, per inmate. In the big picture, I don't think the adjustment to Mr. Shelby's sentence is worth all the fuss it has aroused.