**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 3, 2010[*]
Decided March 4, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-3277

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 06-CR-332 |
| DONALD RAY YOUNG, *Defendant-Appellant*. | Charles N. Clevert, Jr., *Chief Judge*. |

**O R D E R**

In this criminal case, Donald Ray Young appeals from a district court order that granted a government motion to reduce his sentence for substantial assistance, *see* FED. R.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(B).

CRIM. P. 35(b)(2), and argues that district court erred by refusing to consider the disparity between crack and powder cocaine sentences. We affirm.

Young pleaded guilty in 2007 to knowing and intentional distribution of 50 or more grams of crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A), and was sentenced to ten years' imprisonment followed by 5 years' supervised release. In May 2009, the government filed a motion to reduce Young's sentence based on his substantial assistance to the government. At the hearing, Young argued that the court should also consider the disparity between crack and powder cocaine sentences. The district court stated that it could not consider the disparity. It granted the government's motion and reduced Young's sentence by 20 months.

We have recently addressed the matter in *United States v. Shelby*, 584 F.3d 743, 749-50 (7th Cir. 2009), which held that, once district courts decide to grant a Rule 35(b)(2) substantial-assistance motion, they may not then consider the factors articulated in 18 U.S.C. § 3553(a), including any disparity between crack and powder cocaine sentences. Young urges us to reconsider the matter, but concedes that *Shelby* controls. We recently denied rehearing and rehearing en banc in *Shelby*, and Young offers no argument not considered in that case. We therefore **AFFIRM** the district court's order.