NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 10-2867

———

UNITED STATES OF AMERICA

v.

BRET SOBOLEWSKI,
                          Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 03-cr-00830-1)
District Judge: Honorable J. Curtis Joyner

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2011

Before: BARRY, AMBRO, and VAN ANTWERPEN, *Circuit Judges*.

(Filed: June 27, 2011)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

## I.

Bret Sobolewski appeals the 200 month sentence the District Court imposed after

granting the Government's post-judgment motion under Rule 35(b) of the Federal Rules

of Criminal Procedure to reduce his sentence based on substantial assistance. Sobolewski

alleges that the District Court erred by resentencing him before a previously ordered psychiatric evaluation occurred. Because the District Court did not plainly err, we will affirm.

## II.

As we write solely for the parties, we will recount the facts and proceedings only to the extent required for resolution of this appeal. On October 22, 2004, a jury convicted Sobolewski of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, and bank robbery and aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. On May 31, 2005, the District Court imposed a sentence of 262 months of imprisonment, restitution in the amount of $24,397, a special assessment of $800, and three years of supervised release.

Several years into his sentence, Sobolewski provided substantial assistance to authorities. Based upon this assistance, the Government moved for a reduction of Sobolewski's sentence pursuant to Federal Rule of Criminal Procedure 35(b).[1]

Prior to resentencing, Sobolewski filed an unopposed motion requesting a psychiatric evaluation to assist the court in resentencing. On March 1, 2010, the District Court issued an order granting Sobolewski's request and directing the Bureau of Prisons to conduct an evaluation and produce a report. For reasons that are not entirely clear to this Court, it appears that Sobolewski never received a formal evaluation. According to

---

[1] Rule 35(b) permits a District Court, upon the Government's motion, to reduce a sentence to reflect a defendant's substantial assistance rendered after the entry of judgment. Fed. R. Crim. P. 35(b).

2

Sobolewski, he mailed several letters to his attorney, the Government, and the District Court explaining his difficulty in obtaining the ordered evaluation and requesting information and assistance.

On June 15, 2010, without having received any results from an evaluation, the District Court proceeded with resentencing. During the hearing, Sobolewski addressed the court at length regarding the assistance he provided to the Government as well as the progress he had made since imposition of his original sentence. Neither Sobolewski nor his counsel raised the issue of Sobolewski's mental health, referenced the previously ordered psychiatric evaluation, requested a continuance, or objected to resentencing without the assistance of the report. At the end of the hearing, the District Court resentenced Sobolewski to 200 months of imprisonment, thereby reducing his original sentence by 62 months and leaving the remaining terms of his sentence unchanged.

On June 17, 2010, Sobolewski filed a timely notice of appeal.

### III.[2]

---

[2]     The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a), which allows review of appeals alleging that a sentence "was imposed in violation of the law." Sobolewski's appeal falls within the purview of § 3742(a) because he challenges the methodology employed by the District Court in formulating his sentence reduction rather than the court's discretionary decision to accept or reject arguments made in favor of reducing his sentence. *See United States v. Grant*, 636 F.3d 803, 809 (6th Cir. 2011) (*en banc*) (distinguishing a reviewable claim that a Rule 35(b) resentencing was unlawful based upon the court's sentencing methodology from an unreviewable challenge alleging abuse of discretion); *see also United States v. McKnight*, 448 F.3d 237, 238 (3d Cir. 2006) (holding that this Court lacks jurisdiction over an appeal from a Rule 35(b) order "that does not allege a violation of 18 U.S.C. § 3742(a)").

Because Sobolewski failed to object to the District Court's decision to resentence him without the assistance of the psychiatric evaluation, we review for plain error.[3] *See United States v. Miller*, 594 F.3d 172, 183 n.6 (3d Cir. 2010); *United States v. Dyer*, 325 F.3d 464, 467 (3d Cir. 2003). In order to find plain error, there must be: "(1) an error (2) that is plain and (3) that affects substantial rights." *United States v. Knobloch*, 131 F.3d 366, 370 (3d Cir. 1997) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). An error is "plain" if it is "clear" or "obvious." *Olano*, 507 U.S. at 734. The error affects substantial rights if it causes prejudice, *id.*, which, in the case of an alleged sentencing error, must have affected the defendant's sentence, *see Puckett v. United States*, 129 S. Ct. 1423, 1433 n.4 (2009). The defendant bears the burden of establishing such prejudice. *Olano*, 507 U.S. at 734-35. Even where these prerequisites are met, an appellate court may correct an error to which no objection was made "only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotations and citations omitted).

We are not persuaded that the District Court erred, plainly or otherwise, in resentencing Sobolewski pursuant to a Rule 35(b) motion without the aid of the requested

---

[3] The record contains hand written copies of letters Sobolewski purportedly sent to the District Court as recently as April 4, 2010 explaining his difficulty in obtaining the ordered evaluation and requesting information and assistance. Although these letters may have put the District Court on notice that Sobolewski had not received the ordered evaluation in time for resentencing, we do not believe they preserved the argument that conducting a resentencing without the evaluation amounted to legal error. Moreover, as noted above, Sobolewski did not raise the issue before the District Court during the resentencing hearing, request a continuance, or make any related objections.

psychiatric evaluation. It is apparent from Sobolewski's letters to the District Court and his arguments on appeal that he intended to press for a greater sentence reduction based on his mental health in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). Our sister circuits, however, have concluded that only the defendant's substantial assistance may compel a Rule 35(b) reduction and the § 3553(a) factors, if even eligible for consideration, may not support a greater reduction than what would be provided based on the defendant's assistance alone.[4] Given the abundance of persuasive authority barring courts from further reducing a sentence in response to arguments of the kind Sobolewski intended to present here, we cannot conclude that it was a "clear" or "obvious" error for the District Court to proceed without the ordered psychiatric evaluation. *See Olano*, 507 U.S. at 734.

**IV.**

For the foregoing reasons, we will affirm the District Court's grant of the Government's Rule 35(b) motion and imposition of the reduced sentence of 200 months.

---

[4]     *See Grant*, 636 F.3d at 816 (*en banc*) (overruling a prior panel decision based on the conclusion that "the § 3553(a) factors have no role in Rule 35(b) proceedings"); *United States v. Shelby*, 584 F.3d 743, 749-50 (7th Cir. 2009) (holding that the value of the defendant's assistance determines the outer-boundary of a sentence reduction under Rule 35(b)); *United States v. Poland*, 562 F.3d 35, 41 (1st Cir. 2009) (noting that "Congress has never changed the statutory rule that [Rule 35(b)] reductions must reflect only the assistance provided"); *United States v. Doe*, 351 F.3d 929, 932-33 (9th Cir. 2003) (embracing the Eleventh Circuit's position that § 3553(a) factors may only be considered in denying or granting a smaller reduction than would be provided based on the assistance alone); *United States v. Manella*, 86 F.3d 201, 204 (11th Cir. 1996) (*per curiam*) ("[T]he only factor that may militate *in favor* of a Rule 35(b) reduction is the defendant's substantial assistance.").